UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DUSTIN OWEN REDENIUS, | ) | |
| Petitioner, | ) | 3:14-cv-00538-RCJ-VPC |
| vs. | ) | **ORDER** |
| JACK PALMER, *et al.*, | ) | |
| Respondents. | ) | |

On October 2, 2015, the petitioner filed an amended petition for writ of habeas corpus in this action under 28 U.S.C. § 2254.  ECF No. 16.  Prior to that, on January 6, 2015, petitioner filed a supplement to his initial pro se petition.  ECF No. 8.  As explained in a motion he filed the same day, petitioner filed the supplement in order to avoid claims being time-barred under 28 U.S.C. § 2244(d) and the holding in *Mayle v. Felix*, 545 U.S. 644.  (2005).  ECF No. 10.  On December 22, 2015, respondents filed a motion to strike the supplement, arguing that it was filed without leave of the court and in violation of applicable procedural rules.  ECF No. 26.

In this court's view, the "supplement" filed by the petitioner is more appropriately considered an attempt to *amend* the initial petition.  *See United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (noting that a supplement sets forth "'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented'" (quoting Fed. R. Civ. P. 15(d)), while amendments "typically rest on matters in place *prior* to the filing of the original pleading").  In any case, the initial petition has now been superseded by the filing of petitioner's "first amended

petition" (ECF No. 16). *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967) (an amended complaint supersedes the original complaint). Thus, respondents' motion to strike is now moot and shall be denied as such.

To the extent respondents may challenge whether Jones has raised his habeas claims in compliance with 28 U.S.C. § 2244(d) and the holding in *Mayle v. Felix*, 545 U.S. 644 (2005), Fed. R. Civ. P. 15(c) provides, in part, as follows:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – *or attempted to be set out* – in the original pleading;
>
> . . .

Fed. R. Civ. P. 15(c) (emphasis added). For the purposes of this rule, the court considers petitioner's "supplement" (ECF No. 8) to be an attempt to set out additional factual allegations in his original pleading.

**IT IS THEREFORE ORDERED** that respondents' motion to strike (ECF No. 26) is DENIED as moot.

**IT IS FURTHER ORDERED** that respondents shall file a response to the amended petition (ECF No. 16), including potentially a motion to dismiss, within **ninety (90) days** of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for

relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment**.**  The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT IS FURTHER ORDERED** that petitioner's motions for an extension of time within which to file an amended petition (ECF Nos. 13, 14, and 15) are GRANTED *nunc pro tunc* as of their respective filing dates.

DATED: This 12th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE

3