# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DUSTIN O. REDENIUS,

  Petitioner,

 v.

JACK PALMER et al.,

  Respondents.

3:14-cv-00538-RCJ-VPC

**ORDER**

On October 20, 2014, this Court received Petitioner Dustin O. Redenius's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 2), an application to proceed *in forma pauperis* (ECF No. 3), and a motion for appointment of counsel (ECF No. 4). The Court granted Petitioner's application to proceed *in forma pauperis*. (ECF No. 6). On December 30, 2014, this Court appointed a Federal Public Defender for the District of Nevada to represent petitioner. (*Id.*) On January 6, 2015, Petitioner, counseled, filed a supplement to *pro se* petition for a writ of habeas corpus. (ECF No. 8). On October 2, 2015, Petitioner, counseled, filed his first amended petition for writ of habeas corpus. (ECF No. 16). The Court now addresses Respondents' motion to dismiss (ECF No. 35).

## I. PROCEDURAL BACKGROUND

On April 19, 2007, a jury in the Second Judicial District Court of the State of Nevada in and for the County of Washoe found Petitioner, counseled, not guilty of sexual assault on a child (Count I), but guilty of lewdness with a child under the age of fourteen years (Count II). (ECF No. 20-6). The court sentenced Petitioner to "a term of life imprisonment in the Nevada State Prison with a minimum parole eligibility after ten years." (ECF No. 20-8). On June 8, 2007, Petitioner, counseled, filed a notice of appeal. (ECF No. 20-10). On February 26, 2009,

the Nevada Supreme Court affirmed the judgment of conviction and issued its remittitur on March 24, 2009. (ECF No. 9-4; ECF No. 9-5).

On March 9, 2010, Petitioner filed his *pro se* petition for writ of habeas corpus in state district court. (ECF No. 20-12). The state district court appointed post-conviction counsel to represent Petitioner. (ECF No. 20-13; ECF No. 20-14). Counsel filed a supplemental petition for writ of habeas corpus. (ECF No. 20-15). The state district court denied the petition and filed an order on April 2, 2013. (ECF No. 22-2 at 5; ECF No. 22-3). On April 11, 2013, Petitioner, counseled, filed a notice of appeal. (ECF No. 22-4). On March 27, 2014, the Nevada Supreme Court affirmed the state district court's order denying Petitioner's post-conviction petition for writ of habeas corpus. (ECF No. 9-9). Petitioner filed a petition for rehearing which the Nevada Supreme Court denied. (ECF No. 22-5; ECF No. 22-6). Petitioner moved for en banc reconsideration which the Nevada Supreme Court denied on September 24, 2014. (ECF No. 22-7; ECF No. 22-8). On October 20, 2014, the Nevada Supreme Court issued its remittitur. (ECF No. 9-10).

On October 14, 2014, Petitioner mailed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this Court. (ECF No. 2). On December 30, 2014, this Court appointed a Federal Public Defender for the District of Nevada to represent Petitioner. (ECF No. 6) On January 6, 2015, Petitioner, counseled, filed a supplement to *pro se* petition for a writ of habeas corpus which stated that the claims in the supplement were meant to "be in addition to, and not supplant or abrogate, the claims in [Petitioner's] *pro se* petition." (ECF No. 8 at 1). On October 2, 2015, Petitioner, counseled, filed his first amended petition for writ of habeas corpus. (ECF No. 16).

On December 22, 2015, Respondents filed a motion to strike supplement to *pro se* petition. (ECF No. 26). After the motion was fully briefed (ECF No. 27, 28), this Court issued an order denying the motion to strike as moot and finding that Petitioner's "supplement" was "an attempt to set out additional factual allegations in his original pleading" pursuant to Fed. R. Civ. P. 15(c). (ECF No. 29 at 2). Respondents filed a motion for reconsideration (ECF No. 30) which the Court denied (ECF No. 44).

2

## II. DISCUSSION

In the motion to dismiss, Respondents argue that the amended petition is untimely, that Ground 3(e) is not cognizable under the federal constitution, and that Ground 3(c) is unexhausted.[1]  (ECF No. 35 at 2, 6, 8).  Petitioner filed a response in opposition (ECF No. 42) and Respondents filed a reply (ECF No. 43).  The Court will address these arguments in turn.

### A. Relation Back

In the motion to dismiss, Respondents acknowledge that Petitioner's original § 2254 petition, filed on October 20, 2014, is timely.  (ECF No. 35 at 4).  Respondents argue that the amended petition is untimely unless Petitioner establishes that his amended petition relates back to the original timely filed petition.  (*Id.*)  Respondents argue that Petitioner's "supplement" is not a document to which Petitioner's amended petition can relate back to. (*Id.*).  Respondents assert that the Court should dismiss Petitioner's amended petition as untimely "to the extent that he is unable to demonstrate that all of the claims relate back to his original timely filed petition."[2]  (*Id.* at 6).

In response, Petitioner analyzes all four grounds in the amended petition and argues that they relate back.  (ECF No. 42 at 5-11).

In reply, Respondents argue that Grounds 3(c) and 3(d) are untimely and do not relate back.  (ECF No. 43 at 1).

Pursuant to Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  An amended petition only relates back to the original petition if the amended claims are "tied to a common core of operative facts" as

---

[1] The Court and Respondents interpret the numbering of the grounds in the amended petition differently.  This order will address the grounds based on the Court's interpretation.  As such, Respondents' Ground 3(b) is Ground 3(c), Ground 3(c) is Ground 3(d), and Ground 3(d) is Ground 3(e).  (ECF No. 16 at 20-29).

[2] The Court notes that Respondents make no attempt to identify what claims they believe do not relate back to the original petition.  (ECF No. 35 at 6).

3

1 alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). In *Mayle*, the Supreme Court held that an amended petition does not relate back to the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. The Supreme Court rejected the argument that "the one-year period could be revived simply because [the amended claims] relate to the same trial, conviction, or sentence" as the claims asserted in the original petition. *Id.* at 662.

As an initial matter, the Court notes that Respondents do not argue that Grounds 1, 2, and 4 are untimely in their reply. (*See generally* ECF No. 43). The Court has reviewed Petitioner's timeliness and relation back arguments with respect to those grounds and finds that Grounds 1, 2, and 4 are timely. (*See* ECF No. 42 at 5-6, 10).

Ground 3 of the amended petition states that "[t]rial counsel rendered ineffective assistance before and during [Petitioner's] trial in violation of the Sixth Amendment to the United States Constitution." (ECF No. 16 at 20). Ground 3(a) is the standard of review. (*Id.*) Ground 3(b) states that "[t]rial counsel was ineffective for failing to object to the introduction of a redacted videotape statement of the alleged victim into jury deliberations and argues structural error. (*Id.* at 21-22). Ground 3(c) states that "[t]rial counsel provided deficient performance in her courtroom use of the victim's statement transcript." (*Id.* at 26). Ground 3(d) states that "[t]rial counsel was ineffective in failing to object to the prosecutor's repeated references to S.P., a sexually active adolescent, as a 'Little Girl.'" (*Id.* at 28). Ground 3(e) states that "[c]umulative ineffective assistance of counsel warrants a new trial." (*Id.* at 29).

  **i. Ground 3(c)**

Respondents assert that Ground 3(c) is untimely because it only relates back to Petitioner's "supplement" and asserts that the "supplement" is not a document that Petitioner's amended petition can relate back to. (ECF No. 43 at 2). Respondents do not dispute that the "supplement" was timely filed. (*See id.*).

This Court previously found that the amended petition can relate back to the "supplement." (ECF No. 29, 44). In Ground 11 of the "supplement," Petitioner stated that "trial

4

counsel denied [Petitioner] his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution by providing deficient performance in her courtroom use of the victim's statement transcript." (ECF No. 8 at 5).  As such, Ground 3(c) of the amended petition is not a new ground for relief because it was properly raised in the timely supplement to the original petition.

### ii.     Ground 3(d)

Respondents argue that Ground 3(d) is not identical to the claim raised in the original petition because the original petition argued that counsel was ineffective for failing to object to references to the victim as a "little girl" while the amended petition argues that counsel was ineffective for failing to object to the victim as a "child." (ECF No. 43 at 2).  Respondents argue that the original petition only raised that counsel was ineffective for failing to object to the word "little girl" but not to the word "child." (*Id.*)  The amended petition raises ineffective assistance in failing to object to both the word "little girl" and "child." (Id)

The Court notes that the amended petition does argue that counsel was ineffective in failing to object to the prosecutor's use of the term "little girl" and "child." (ECF No. 16 at 28-29).  The Court finds that Ground 3(d) of the amended petition is timely and relates back to the original petition.  The use of the word "child" is tied to the common core of operative facts that the prosecutor had characterized the sexually active adolescent as a "little girl."

### B.     Ground 3(e): Cumulative Effect

Ground 3(e) of the amended petition states that "cumulative instances of ineffective assistance of counsel warrants a new trial." (ECF No. 16 at 29).  Respondents assert that Ground 3(e) of the amended petition is not cognizable under the federal constitution because cumulative error claims are not cognizable on federal habeas review. (ECF No. 35 at 6). Respondents also assert, that even if the cumulative effect of some trial errors is cognizable on federal habeas review, ineffective assistance of counsel claims cannot cumulate. (*Id.* at 7).  Petitioner argues that cumulative errors are cognizable on federal habeas review. (ECF No. 42 at 11).

The Court finds that this claim is cognizable as a matter of pleading and survives the

5

motion to dismiss. Petitioner correctly contends that prejudice may result from the cumulative impact of multiple deficiencies. *See Harris By & Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995).

### C. Ground 3(c): Exhaustion

Ground 3(c) of the amended petition states that "[t]rial counsel provided deficient performance in her courtroom use of the victim's statement transcript." (ECF No. 16 at 26). Respondents argue that this claim was not fairly presented to the Nevada Supreme Court. (ECF No. 35 at 10). In response, Petitioner argues that Ground 3(c) is exhausted. (ECF No. 42 at 18). Petitioner asserts that Respondents should have made a procedural default argument but that they did not and that he reserved the right to respond if Respondents raised such an argument for the first time in their reply brief. (*Id.* at 19). In reply, Respondents reassert Ground 3(c) is not exhausted because it was not presented to the Nevada Supreme Court in a way that would constitute fair presentation. (ECF No. 43 at 5).

Petitioner first raised this claim to the state district court in his written argument/opening brief after the post-conviction evidentiary hearing. (ECF No. 21-3 at 14). Petitioner's counsel moved to amend the supplemental petition to include this claim because counsel had discovered the claim after she had filed the supplemental petition. (ECF No. 22). The state district court did not rule on the motion to amend. (*See* ECF No. 42 at 15). The Washoe County District Attorney's Office argued that the state district court should refuse to consider the claim because Petitioner did not raise the claim in his habeas petition or supplemental petition. (ECF No. 22-1 at 10).

In its findings of fact, conclusions of law and judgment, the state district court found the following:

> 27. Petitioner asserts his counsel was ineffective by cross-examining the victim with the transcript of her police statement. Petitioner contends this tactic permitted the prosecutor to admit the redacted videotape and redacted transcript into evidence. Petitioner argues "the information that trial counsel sought during cross-examination did not outweigh the prejudicial effect of the introduction of the redacted statement in any format." (Opening Brief, 14).
> 28. This claim is raised for the first time in petitioner's closing brief. It is not raised in either the original habeas petition or in the supplemental petition. Since the merits of the claim were not fully addressed in the evidentiary hearing,

6

the Court denies the claim. *See Barnhart v. State*, 122 Nev. 301, 303, 130 P.3d 650, 652 (2006) (holding that "the district court may exercise its discretion under certain circumstances to permit a petitioner to assert claims not previously pleaded[]" but the new issues must be raised during the hearing, and the petitioner must show good cause as to why he did not raise them earlier).
    29. Nevertheless, the Court rejects the claim on its merits as well. Petitioner's expert, Dennis Widdis, conceded that counsel's use of the victim's prior statements to the police may have been a "tactical decision[,]" and as such he could not "say that her use of those statements during cross-examination was objectively unreasonable." (Widdis Report, 9). Even though Widdis concluded that counsel "made no significant points using [] [the] police statements," he conceded that "[d]eference to such decisions, however, is required." *Id.* He also conceded that counsel's use of the victim's police statement to impeach the victim permitted the State to properly introduce the entire transcript. *Id.* at 8. Accordingly, petitioner's own expert repels petitioner's claim.
    30. Furthermore, Widdis could not identify any professional norm that prohibited the use of recorded statements. *Id.* at 11. ("I am unaware of any such practice regarding recorded evidence, or transcripts, in the Second Judicial District court. Anecdotal evidence is conflicting.").
    31. The Court also finds petitioner's counsel had a reasonable tactical reason for cross-examining the victim with her police statement. Counsel used the statement to show the victim had told a police officer she tried to wake up her mother during the assault by elbowing her, and that the victim gave inconsistent accounts about who was in the house with her and where she was in the house when petitioner came home (Trial Transcript, April 17, 2007, Vol. 2, 82-85, 92-94, 96-102). Accordingly, the Court denies the claim.

(ECF No. 22-3 at 10-12).

On appeal, the Nevada Supreme Court held:

> First, appellant argues that trial counsel was ineffective for using the transcript of the victim's oral statement to the police during trial . . . [This claim was] not raised in appellant's petition or first supplement below, and the district court's finding that appellant did not satisfy the requirements set forth in *Barnhart v. State*, 122 Nev. 301, 303-04, 130 P.3d 650, 651-52 (2006), for expanding the pleading is supported by substantial evidence before this court. Appellant's claims that he filed two motions to further supplement his petition do not provide relief as he neither alleged nor demonstrated that the district court granted either motion. *See* NRS 34.750(5). Because appellant's [claim was] not properly before the court below, we decline to address them on appeal. *Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

(ECF No. 40-23 at 3).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364,

7

365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy,* 653 F.2d 374, 376 (9th Cir. 1981).

The Court finds that Petitioner exhausted Ground 3(c). In this case, the state courts had a fair opportunity to act on this claim because Petitioner had filed a motion to amend the supplemental petition, Respondents argued against the amendment, and the state district court alternatively denied the claim on the merits. Petitioner then raised the claim to the Nevada Supreme Court. "All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity." *Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009). As such, Ground 3(c) is fully exhausted.

Accordingly, Respondents' motion to dismiss is denied in its entirety.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss (ECF No. 35) is denied in its entirety.

**IT IS FURTHER ORDERED** that Respondents shall file and serve an answer to all remaining grounds of the petition within forty-five (45) days from the entry of this order. The answer shall include substantive arguments on the merits as to each ground of the petition. No further motions to dismiss will be entertained.

**IT IS FURTHER ORDERED** that Petitioner shall file and serve a reply to the answer within thirty (30) days after being served the answer.

Dated: This 16th day of February, 2017.

_____
United States District Judge